NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

———————————————

JUAN ALVAREZ-PEREZ,     :

                            :     Civ. No. 24-5715 (RMB)

          Petitioner     :

                            :     **OPINION**

      v.                    :

                            :

R. THOMPSON, Warden FCI Fort
Dix,                          :

                            :

          Respondent     :

———————————————

BUMB, Chief United States District Judge:

This matter comes before the Court upon Petitioner Juan Alvarez-Perez's ("Petitioner") pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1.)  Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence.  (*Id.*)  Respondent filed an answer opposing habeas relief ("Answer") (Dkt. No. 7), and Petitioner filed a reply brief ("Reply") (Dkt. No. 11) in support of his petition.  On April 18, 2025, Respondent filed additional records ("Exhibits") (Dkt. No. 14) in response to this Court's Order.  For the reasons set forth below, the Court will grant the petition.

## I.     BACKGROUND

### A.    Petitioner's Federal and State Sentences

The following history is pertinent to Petitioner's challenge to BOP's calculation of his federal sentence in the United States District Court, District of Puerto Rico, Criminal Action No. 17-268.

On September 26, 2016, Petitioner was sentenced in the Court of Common Pleas of Northumberland County, Pennsylvania, Case No. CR-13-112, to an aggregate term of imprisonment of not less than nine years and six months nor more than twenty years, for possession with intent to distribute a controlled substance and for conspiracy to possess with intent to distribute a controlled substance. (Declaration of Juanetta Hayes[1] ("Hayes Decl.") ¶¶ 3, 4., Dkt. No. 7-1 and Attach. 1, Dkt. No. 7-2 at 1-8.)  At that time, Petitioner was serving a prior federal sentence, and he was not taken into Pennsylvania's custody until he satisfied his federal sentence on November 2, 2016.  (Hayes Decl., ¶¶ 6, 7; Attach. 3; Dkt. No. 7-2 at 76; Attach. 4; Dkt. No. 7-2 at 20.)

On August 4, 2017, while serving his Pennsylvania state court sentence in Case No. CR-13-112, Petitioner was charged with money laundering in the United States District Court, District of Puerto Rico, Crim. Action No. 17-268.  (Hayes Decl. ¶ 8, Attach. 5; Dkt. No. 7-2 at 21-32.)  To adjudicate Crim. Action No. 17-238, the District Court in Puerto Rico issued *a writ of habeas corpus ad prosequendum* for Petitioner to be brought from state custody into federal custody.  (Hayes Decl. ¶ 9, Attach. 6; Dkt. No. 7-2 at 34.)  Pursuant to the writ, Petitioner entered temporary

---

[1] Juanetta Hayes is a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center ("DSCC").  (Hayes Decl. ¶ 1.)

federal custody on December 9, 2019.  (Hayes Decl. ¶ 10, Attach. 7; Dkt. No. 7-2 at 37 and Attach. 12; Dkt. No. 7-2 at 76.)

Petitioner pled guilty and agreed his prior crimes were not relevant conduct. (PSR ¶¶ 7, 10; Dkt. No. 14-1.)  On March 21, 2023, Petitioner was sentenced in the District of Puerto Rico, Crim. Action No. 17-238.  The Judgment states:  "**100 MONTHS (100)** to be served concurrent with any other sentence.  Defendant shall receive credit for time served in federal custody." *Id.* [2]

Petitioner was returned to state authorities on April 24, 2023, with the federal Judgment filed as a detainer.  (Hayes Decl. ¶ 13; Attach. 7, Dkt. No. 7-2 at 37.)  On November 8, 2023, Petitioner was paroled in Pennsylvania and entered the exclusive custody of federal authorities.  (Hayes Decl. ¶ 15; Attach. 7, 11; Dkt. Nos. 7-2 at 37 and 65.)

## B.    BOP's Calculation of Petitioner's Federal Sentence

To calculate Petitioner's sentence in Crim. Action No. 17-238, BOP began the 100 months' sentence on the date imposed, March 21, 2023.  (Hayes Decl. ¶ 12; Attach 9, Dkt. No. 7-2 at 47-52.)  Noting that Petitioner's Judgment ordered that Petitioner "receive credit for time served in federal custody," DSCC contacted the sentencing court regarding its intent, and requested that the Court enter an Amended Judgment with specific dates for credit for time served.  (*Id.* ¶ 14; Attach. 10.) Because the federal judge who sentenced Petitioner had retired and could not issue

---

[2] Available at Public Access to Court Electronic Records, www.pacer.gov, last visited May 12, 2025.

an Amended Judgment, DSCC was directed to pose its question of the sentencing court's intent to the U.S. Attorney's Office and the U.S. Probation Office. (*Id.*) According to the Probation Officer assigned to the case, the Court imposed "a variant sentence of 100 months concurrent, and left the matter of credit to the discretion of BOP." (*Id.*)

Pursuant to Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)[3] and 18 U.S.C. § 3585(b), DSCC did not apply custody credit for the time Petitioner was serving his state sentence while on the federal writ. (*Id.* ¶ 16-17.) Because Petitioner was awarded credit against his state sentence for December 9, 2019 through April 24, 2023, pursuant to 18 U.S.C. ¶ 3585(b), BOP did not apply credit for this period against Petitioner's federal sentence. (*Id.* ¶ 17; Attach. 12 at 7-2 at 76.) Pursuant to BOP's calculation of Petitioner's sentence in Crim. Action No. 17-238, his projected release date, via First Step Act Release, is February 25, 2030. (*Id.* ¶ 12; Attach. 9, Dkt. No.7-2 at 49.)

## II.   LEGAL STANDARD

A habeas petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner to challenge the execution of his sentence, including the computation of sentence credit by the BOP. *Vega v. United States*, 493 F.3d 310, 313-14 (3d Cir. 2007). The Attorney General has delegated statutory responsibility for calculating

---

[3] Sentence Computation Manual (CCCA of 1984) available at
https://www.bop.gov/PublicInfo/execute/policysearch?todo=query.

federal criminal sentences to the BOP. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Calculating a federal sentence involves two determinations: (1) the date when the federal sentence commences; and (2) prior custody credit. *Id.* Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Where an inmate has violated the laws of more than one sovereign, the doctrine of "primary custody" applies. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000). "[T]he doctrine of primary custody provides that the sovereign that first arrests an offender has primary jurisdiction over that offender until that sovereign relinquishes it to another sovereign . . ." *Rios*, 201 F.3d at 274.

Under 18 U.S.C. § 3585(b), the BOP cannot credit a defendant for time served prior to commencement of a federal sentence if such time has already been credited towards another sentence. A sentencing court, however, can adjust a sentence under U.S.S.G. § 5G1.3 to account for time spent in custody on a prior conviction. *Ruggiano v. Reish*, 307 F.3d 121, 131 (3d Cir. 2002) *superseded on other grounds by* U.S.S.G. § 5G1.3 cmt. n.3(E) (2003). U.S.S.G. 5G1.3(d) (Policy Statement) provides:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

5

"To determine what type of credit the sentencing court intended to apply …

the appropriate starting point is to ascertain the meaning [to] ascribe to the

sentencing court's directives." *Escribano v. Schultz*, 330 F. App'x 21, 23 (3d Cir. 2009)

(cleaned up).  If the oral pronouncement of sentence and written sentence are in

conflict, the oral sentence prevails.  *Id.*  When there is no conflict, but there is

ambiguity, "the context of the oral statement is essential to the interpretation."  *Id.*

(cleaned up).

## III.    DISCUSSION

In his reply brief, Petitioner contends the federal sentencing court

unambiguously ordered that he receive credit against his federal sentence in Crim.

Action 17-238 for the period of December 12, 2019 to March 21, 2023.  (Reply Brief,

Dkt. No. 11 at 1.)  Petitioner submits Judge Dominguez was fully aware Petitioner

was serving a state sentence and directed that he receive "credit for time served in

federal custody" and that "the sentence shall be served concurrently with any other

sentence." (Reply, Dkt. No. 11 at 2.)  This written statement in the Judgment makes

no reference to an adjustment under § 5G1.3.  Therefore, this Court turns to the oral

statements reflected in the sentencing transcript.

When Petitioner was given the opportunity to speak at sentencing, the Court

interjected and asked how much time Petitioner had already served on this case.

(Sentencing Tr. at 18; Dkt. No. 14-2.)  Petitioner responded that he had been in

Puerto Rico since December 2019.  (*Id.*)  The Court inquired further:

6

THE COURT:  Would you give me again, because I am going to see exactly when you began your first date."

THE DEFENDANT:  My first date in Puerto Rico, Your Honor?

THE COURT:  No, no.

[AUSA] MR. CONTRERAS:  Your Honor, I don't mean to interrupt.  I think what it is, is he mentioned, I think, December of 2019.  What I think happened in his case; he arrived at MDC, but he wasn't brought for initial appearance for some time, if I am not mistaken.

THE DEFENDANT:  Due to COVID.

MR. CONTRERAS:  So his initial appearance, Your Honor, is reflected at Document Number 35, and his initial appearance was held before Magistrate Judge Marshall D. Morgan on June 8, 2020.  That's what the docket reflects.  Now, when he arrived to MDC, that I don't know the answer to.

THE COURT:  That will be taken care of, all right?

MR. CONTRERAS:  Correct.  BOP will count that.

THE COURT:  Those dates –

MR. CONTRERAS:  Yes.

THE COURT:  -- if he was here in prison –

MR. CONTRERAS:  Yes.

THE COURT:  We have to give it to him, Right?

MR. CONTRERAS:  BOP, when they do the calculation, they will calculate all those dates.

DEPUTY CLERK:  The writ was issued back in November of 2019.

(*Id.* at 20-21.)  The Court again questioned Petitioner about his arrival in Puerto

Rico:

> THE COURT:  All right, so you were brought here via a plane.
>
> DEFENDANT:  Habeas corpus that I wrote myself.
>
> THE COURT:  What date was that?  Listen, I just want to know the date that you came into Puerto Rico.
>
> THE DEFENDANT:  It was December 9th, Your Honor.
>
> THE COURT:  Now listen, December 9th of what year?
>
> THE DEFENDANT:  2019, because that's right after COVID started, Your Honor.
>
> THE COURT:  December 9, 2019.  Okay.  All right.  I am going to take what you are saying, but when they produce this, they are going to tell you.  Because if you came here, I think that you should receive all the time that you may have been there and here, all right.  But I don't know that.
>
> MR. GARCIA:  It's kind of complicated, Your Honor, because he is serving time for another sentence.  So it's kind of complicated because the problem with him is that back in 2013, he got arrested, and then a bunch of other arrests came one after another.  So it could be complicated because he might be here serving time for another case, Your Honor.
>
> THE COURT:  Oh, oh, oh.  Well, I cannot do anything about that case, all right.
>
> MR. GARCIA:  No, definitely.  It's in another state.

(*Id.* at 26-27.)

    Upon imposing sentence, the Court stated:

> Therefore, it is the judgment of this Court that Mr. Juan
> Carlos Alvarez-Perez is hereby committed to the custody
> of the Bureau of Prisons to be imprisoned for 100 months.
> Now, these 100 months have the time that he may have
> been over there to bring him here.  I don't know what that
> is, all right, but since you were put in jail to come to
> Puerto Rico, all of that time will go to the 100 months.
> Do you understand that?
>
> THE DEFENDANT:  Yes.

(*Id.* at 33.)

The sentencing court's statement "since you were put in jail to come to Puerto Rico, all of that time will go to the 100 months.  Do you understand that?" unambiguously reflects the sentencing court's intent to adjust Petitioner's sentence under § 5G1.3(d).

At the conclusion of sentencing, AUSA Contreras ("Contreras") inquired, "Your Honor mentioned about credit for time served on this case.  I assume Your Honor meant as determined by the Bureau of Prisons."  The Court responded, "Yes, that's right.  Yes."  (*Id.* at 40.)  Taken in context, however, this affirms the conclusion that the sentencing court intended Petitioner to received credit against his federal sentence beginning December 9, 2019.  Earlier in the colloquy, the Court sought to determine when Petitioner arrived in Puerto Rico, for the purpose of ensuring that he receive credit against his federal sentence beginning on that date. (*Id.* at 20-21.)  Contreras stated "BOP will count that" and in response to the sentencing court's question "we have to give it to him.  Right?" Contreras responded "BOP, when they do the calculation, they will calculate all those dates."  (*Id.* at 21.)

Thus, the sentencing transcript demonstrates the sentencing court's intent to credit the time Petitioner served in custody in Puerto Rico against his federal sentence.  By starting Petitioner's federal sentence on the date received in federal custody and not granting prior custody credit from December 9, 2019 through April 24, 2023, BOP failed to implement the sentence imposed by the sentencing court, and Petitioner is entitled to habeas relief.  *See e.g.*, *United States v. Dorsey*, 166 F.3d 558, 563 (3d Cir. 1999) ("A sentence cannot be concurrent if the random chance of when multiple sentences are imposed results in a defendant serving, contrary to the intent of the sentencing court, additional and separate time on one sentence that was meant to be served at the same time as another sentence"); *see United States v. Ray*, 706 F. App'x 755, 759 (3d Cir. 2017) ("When applying § 5G1.3(d), the sentencing court has broad discretion.")

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the habeas petition. The Bureau of Prisons is directed to recalculate Petitioner's sentence consistent with this Opinion.

An appropriate Order will accompany this Opinion.


Dated:  **May 14, 2025**

s/Renée Marie Bumb
RENÉE MARIE BUMB
CHIEF United States District Judge
